**NOT FOR PUBLICATION**

```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| BOBBY MITCHELL, | |
| Petitioner, | Civil No. 04-5380 (JBS) |
| v. | |
| THE FEDERAL BUREAU OF PRISONS, et al., | **O P I N I O N** |
| Respondents. | |

**APPEARANCES:**

Petitioner pro se:  
Bobby Mitchell  
#14255-424  
FCI Fort Dix Camp  
P.O. Box 1000  
Fort Dix, NJ 08640

Counsel for Respondents:  
John Andrew Ruymann  
Asst. U.S. Attorney  
402 East State Street  
Room 430  
Trenton, NJ 08608

**SIMANDLE**, District Judge

　　Petitioner Bobby Mitchell, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

I.   BACKGROUND

Petitioner asserts that in 2002 he pleaded guilty to one count of conspiracy to defraud the United States in the United States District Court for the Eastern District of Pennsylvania. On June 8, 2004, Petitioner was sentenced to a term of imprisonment of 30 months.  On July 30, 2004, Petitioner self-surrendered to the Federal Correctional Institution at Fort Dix, where he remains.

On September 28, 2004, the Administrative Staff at FCI-Fort Dix provided Petitioner with a "Sentence Monitoring Computation Data Form" which provided for a statutory release date of May 10, 2006.  The Sentence Monitoring Computation Data Form also includes a "Pre-Release Preparation Date" of February 21, 2006.

Petitioner alleges that the February 21, 2006, Pre-Release Preparation Date is based upon a December 13, 2002, Memorandum Opinion, and a December 20, 2002, Memorandum to implement the Memorandum Opinion, which interpret governing statutes to prohibit placement in a Community Corrections Center before the last ten-percent of a prisoner's term of imprisonment, not to exceed six months.  See 18 U.S.C. §§ 3621(b) and 3624(c). Petitioner contends that the Bureau of Prisons' interpretation of the governing statutes is incorrect and that he is entitled to be considered for pre-release transfer to a CCC pursuant to the BOP's previous policy, which would have permitted consideration

for pre-release transfer up to six months before the anticipated release date.

Respondents answered the Petition, asserting that Petitioner's claim was not ripe and arguing that the Petition should be dismissed for failure to exhaust administrative remedies.

During the pendency of this action, however, the Bureau of Prisons issued new regulations regarding community confinement, including pre-release transfer to a CCC, which became effective on February 14, 2005. See 28 C.F.R. §§ 570.20, 570.21, 70 Fed.Reg. 1659, 1663 (Jan. 10, 2005). Accordingly, this Court granted Petitioner leave to file a supplemental brief explaining the effect, if any, of the new regulations on the claims asserted in his Petition, and granting Respondents leave to file a reply to any such supplemental brief.

The time for response has lapsed, and Petitioner has failed to file a supplemental brief. Accordingly, this matter is ripe for determination.

## II.  ANALYSIS

As noted above, this Court has directed Petitioner's attention to the new regulations and has granted Petitioner the opportunity to provide the Court with a supplemental brief explaining the effect, if any, of the new regulations on the claims asserted in the Petition. Petitioner has failed to file such a supplemental brief.

3

This Court has previously held that the BOP December 2002 policy is invalid.  See Miranda v. Miner, 04-cv-2590 (JBS).  It is apparent, however, that the December 2002 policy will not govern the pre-release planning for Petitioner, who was incarcerated on February 14, 2005, the effective date of the new BOP regulations.  See 70 Fed. Reg. 1659 (Jan. 10, 2005).

As Petitioner challenges only a policy that is no longer in effect, and does not challenge the policy that will govern his pre-release planning, Petitioner's claims are moot and the Petition must be dismissed.

This Court expresses no opinion on the validity of the new regulations at 28 C.F.R. §§ 570.20 and 570.21.

## IV.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed as moot.  An appropriate order follows.

                                      s/ Jerome B. Simandle
                                      Jerome B. Simandle
                                      United States District Judge

Dated:  **October 18, 2005**

4